No. 83–5956. JUSTUS *v.* FLORIDA. Sup. Ct. Fla. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Petitioner Justus was sentenced to death through the retroactive application of a statutory aggravating factor in violation of the Federal Constitution's prohibition against *ex post facto* punishments. U. S. Const., Art. I, § 9, cl. 3; Art. I, § 10, cl. 1. The murder for which petitioner was convicted occurred in 1978. In 1979, Florida added a new aggravating factor to the State's death penalty statute. As a result of the amendment, a judge and jury could for the first time consider during the sentencing stage of trial whether the homicide was "committed in a cold, calculated, and premeditated manner without any pretense of moral or legal

justification." 1979 Fla. Laws, ch. 79–353 (codified at Fla. Stat. § 921.141(5)(i) (1981)). In 1980, petitioner was convicted of first-degree murder and sentenced to death. In imposing the death penalty, the Florida Circuit Judge relied on two aggravating factors, one of which was the factor added to the Florida death penalty statute after petitioner committed his crime.

In *Weaver* v. *Graham*, 450 U. S. 24, 30 (1981), this Court held that a change in sentencing procedures violates the Constitution's prohibition against *ex post facto* punishments "if it is both retrospective and more onerous than the law in effect on the date of the offense." Both the Florida Supreme Court and the State's Attorney General concede that the constitutionality of applying Florida's new aggravating factor to petitioner must be measured by the *Weaver* test. See *Combs* v. *State*, 403 So. 2d 418, 421 (Fla. 1981), cert. denied, 456 U. S. 984 (1982), quoted in 438 So. 2d 358 (Fla. 1983); Brief in Opposition 4.

The State's sole argument is that the application of this new aggravating factor had no detrimental effect on petitioner, and therefore was not onerous under *Weaver*. See 438 So. 2d, at 368. The State's view is that, since premeditation was already an element of first-degree murder, the retroactive application of Florida's new aggravating factor placed no additional burden on petitioner. Indeed, the Florida Supreme Court has taken the peculiar position that this new factor "inure[s] to the benefit of a defendant" because the factor adds to premeditation the limitations of "cold, calculated and . . . without . . . moral or legal justification." *Combs* v. *State, supra,* at 421.

The State's position is simply untenable. A Florida Circuit Judge relied upon Florida's new aggravating factor to sentence petitioner to death. Before 1979, the Florida death penalty statute contained no aggravating factor analogous to the one added by 1979 Fla. Laws, ch. 79–353. Had the new factor not been applied at petitioner's sentencing trial, the sentencing judge would have found only one aggravating factor, and it is impossible to know whether he still would have chosen to impose the death penalty. The application of the new aggravating factor made it easier for the Florida judge to sentence petitioner to death, and for that reason alone was more onerous for petitioner than the sentencing procedure in place at the date of his offense. See *Weaver* v. *Graham, supra.*

The detrimental effect of 1979 Fla. Laws, ch. 79–353, on petitioner is in no way ameliorated by the fact that premeditation was

an element of petitioner's underlying conviction. For one thing, "homicide . . . committed in a cold, calculated and premeditated manner without any . . . moral or legal justification" is not synonymous with premeditated murder. If the language of 1979 Fla. Laws, ch. 79–353, is to carry its natural meaning, the new aggravating factor covers crimes that are more ruthless and cold-blooded than ordinary first-degree murder.

More importantly, defending an aggravating factor by reference to elements of the underlying offense is inconsistent with this Court's prior death penalty decisions. The sole purpose of requiring a sentencing authority to balance aggravating factors against mitigating circumstances is to force the sentencer to look beyond the offense to determine whether capital punishment is warranted given the totality of the circumstances surrounding the crime. By amending its death penalty statute, Florida changed the ground rules for judging the totality of the circumstances. This change most definitely prejudiced petitioner.

As the State itself concedes, "[w]hether a retrospective state criminal statute ameliorates or worsens conditions imposed by its predecessor is a federal question." Brief in Opposition 3. Because I believe that the Florida Supreme Court incorrectly decided this question, I would grant the petition and vacate the sentence.\* I dissent.

---

\*Adhering to my view that the death penalty is under all circumstances cruel and unusual punishment forbidden by the Eighth and Fourteenth Amendments, I would vacate the judgment of the Supreme Court of Florida insofar as it left undisturbed the death sentence imposed in this case. *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting).